IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 29, 2007 Session

## VICKY BERRY v. HOUCHENS MARKET OF TENNESSEE, INC., d/b/a Save-a-Lot Stores, and J.D. EATHERLY PROPERTIES

### Direct Appeal from the Circuit Court for Davidson County
No. O4 C 2245     Hon. Barbara Haynes, Circuit Judge

No. M2006-02103-COA-R3-CV - Filed November 15, 2007

Sharon G. Lee, concurring in part and dissenting in part.

I concur with the trial court's grant of summary judgment as to the Defendant Houchens. However, I respectfully dissent from the majority's conclusion that the Plaintiff was, as a matter of law, 50% or more at fault when she slipped and fell in oil in the parking lot owned by the Defendant Eatherly. After a review of the facts in the light most favorable to Ms. Berry, the nonmoving party, as is required when considering a trial court's grant of summary judgment, **Robinson v. Omer**, 952 S.W.2d 423, 426 (Tenn. 1997), I conclude that there are facts and inferences reasonably drawn from the facts which would permit reasonable minds to differ as to whether Ms. Berry was less than 50 % at fault. Accordingly, I do not agree that the Defendant Eatherly is entitled to summary judgment. The undisputed facts are that Ms. Berry drove into the parking lot, parked her car, got out of her car, walked three or four feet, and then slipped and fell in a puddle of oil in the parking lot. Ms. Berry was looking straight ahead as she walked and did not see the oil. She did not see the oil when she drove into the parking spot or before she fell. She could not see the oil after she had gone into the store and was looking out onto the parking lot. She testified that the oil was invisible to her. I cannot conclude that because she had oil in her hair and down her backside after she fell that the oil puddle was so large that she should have seen it. I cannot agree that her recovery should be barred because she was looking straight ahead and not down at her feet as she was walking. We know there was oil in the parking lot. But how large was the puddle of oil? How visible was it? Should Ms. Berry have seen it? These are material questions of fact to be answered by a jury - not the trial court or the appellate court. Issues of comparison and allocation of fault are properly left to the jury. **Prince v. St. Thomas Hosp., 945 S.W.2d 731,735 (Tenn. Ct. App. 1996)**. Reasonable minds can differ as to the reasonableness of Ms. Berry's conduct as she left her vehicle and attempted to enter the store.

In my judgment, there are genuine issues of material fact in this case which preclude a

finding, as a matter of law, that Ms. Berry was guilty of 50% fault or more.  I would vacate the trial court's order and remand for a trial on the merits as to the Defendant Eatherly.


_____
SHARON G. LEE,  JUDGE